CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2020 JAN 30 AM 9: 10
DEPUTY CLERK ___BMH___

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROY BENJAMIN TAYLOR<br>INSTITUTIONAL ID No. 2089517,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO J. SERNA, JR., *et al.*<br><br>Defendants. | § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. 5:19-CV-239-M-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Roy Benjamin Taylor filed this action alleging that Texas Department of Criminal Justice (TDCJ) correctional officers Pedro Serna Jr., Yvonne Carr, and Grace Chigozie violated his constitutional rights. Compl. 3, ECF No. 1.[1] Taylor seeks monetary damages for Defendants' conduct that purportedly subjected him to prison conditions violating the Eighth Amendment. *Id.* at 4.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. The undersigned thereafter reviewed Taylor's Complaint and authenticated records from TDCJ and ordered Taylor to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.3d 886, 893–93 (5th Cir. 1976), which he timely completed and returned. ECF Nos. 10, 11. After carefully considering the Complaint, authenticated records, and questionnaire responses, the undersigned recommends that the District Court dismiss Taylor's claims with prejudice as frivolous and for failure to state a claim.

---

[1] Page citations to Taylor's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

1

## I. Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Background

According to Taylor's Complaint, he is an inmate at TDCJ's Price Daniel Unit. Compl. 1, 3. Taylor alleges that on August 8, 2019, correctional officers Serna, Carr, and Chigozie violated his constitutional rights by refusing to allow him to retrieve his shoes from his cell before walking to class. *Id.* at 3–4. Taylor claims that he "was made to go to school in [his] bare feet" and that the officers' actions constituted "cruel and unusual punishment." *Id.* at 4. Taylor further alleges that the "officers violated PD 22 Rule 23 illegal denial of privileges and violated my Eighth Amendment right[s] . . . [and] they abused their power of authority to oppress me and abuse me." *Id.* Taylor's Complaint, however, alleges no facts indicating he suffered any physical injury resulting from walking to class without his shoes.[2] Compl. 3–4; Questionnaire 2, ECF No. 11. Taylor's questionnaire responses confirm that he suffered no physical injury from walking to class without shoes on this single occasion, despite his additional contention that he had to walk through a "bowling ally [sic]" with razor blades and tattoo needles on the floor. Questionnaire 2. Taylor further claims that he suffered mental anguish due to his classmates making fun of him after he attended class without shoes. *Id.*

## III. Discussion

Taylor's Complaint, liberally construed, challenges his conditions of confinement. While the Constitution does not mandate comfortable prisons, it does require humane ones, and the Eighth Amendment governs the conditions under which inmates are confined. *Reagan v. Burns*,

---

[2] Taylor also attached to his Complaint a grievance concerning this incident that indicates TDCJ found staff misconduct concerning the matter and that the grievance was forwarded to the Daniel Unit's administration for review. Compl. 6–7.

3

Civil Action No. 3:16-CV-2590-G-BH, 2019 WL 6733023, at *13 (N.D. Tex. Oct. 30, 2019) (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)). Only those officials who know of and disregard "an excessive risk to inmate health or safety" are liable under the Eighth Amendment for denying inmates humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

> A constitutional violation . . . occurs only when two requirements are met. First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need. Second, under a subjective standard, we must determine whether the prison official responsible was deliberately indifferent to inmate health or safety.

*Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal citations and quotation marks omitted). Further, "the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*." *Reagan*, 2019 WL 6733023, at *13 (citing *Alexander v. Tippah Cty.*, 351 F.3d 626, 630–31 (5th Cir. 2003)). Taylor does not allege any actual harm to his health or safety due to his lack of shoes, much less harm exceeding a *de minimis* level. Taylor's questionnaire responses further confirm the lack of physical injury as he explicitly states that he "was not cut or poked by either a razor or a needle," and the only harm he identifies is mental anguish arising from being made fun of by classmates leading to his dropping out of the class. Questionnaire 2.

In addition, even if Taylor did claim physical harm, he has not shown that Defendants were deliberately indifferent to his health or safety. Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotations omitted).

> To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an

4

> inference of an excessive risk to the prisoner's health or safety could be drawn and
> (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Taylor's Complaint is devoid of any assertion that Defendants knew of facts giving rise to an inference that depriving Taylor of his shoes could create an excessive risk to his health or safety, let alone that they actually drew such an inference. At its core, Taylor's Complaint is little more than a naked claim that the denial of access to shoes to attend classes on one occasion violates the Eighth Amendment's cruel and unusual punishment clause. While the propriety of Defendants' actions may be debated, their conduct does not rise to the level of an Eighth Amendment violation. *See Umondak v. Ginsel*, 426 F. App'x 267, 269 (5th Cir. 2011) (upholding district court's dismissal of conditions of confinement claim where inmate alleged denial of exercise for twenty-five days but did not claim deliberate indifference); *Field v. Corrs. Corp. of Am. Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (affirming dismissal of conditions of confinement claim where inmate claimed denial of recreation or exercise but did not allege physical injury or that denial was for an extended period of time); *Reagan*, 2019 WL 6733023, at *13–16 (denying numerous conditions of confinement claims raised by federal inmate for failure to allege necessary elements). *Cf. Bradley*, 157 F.3d at 1025– 26 (holding that denial of opportunity to bathe for several months violated Eighth Amendment where prison officials knew of inmate's medical needs and unhygienic conditions resulted in fungal infection).

The Court further notes that Taylor alleges Defendants' conduct violated certain prison regulations. Compl. 4 ("[Defendants] violated PD 22 Rule 23 illegal denial of privileges and violated my Eighth Amendment right[s] . . . [and] they abused their power of authority to oppress me and abuse me."). Any attempt by Taylor to assert a claim under § 1983 for Defendants' alleged contravention of prison regulations similarly fails. *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 870

F.3d 365, 369 (5th Cir. 2017) (holding that prison "rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right").

Finally, 42 U.S.C. § 1997e(e) bars Taylor from recovering damages for the alleged mental anguish suffered when he withdrew from his class because other inmates made fun of him. Federal law prohibits prisoners from recovering "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Taylor's purported mental anguish does not entitle him to damages absent factual assertions demonstrating physical injury. *See Alexander*, 351 F.3d at 631; *Chadman v. Quisenberry*, CIVIL ACTION NO. 4:17-CV-700-Y, 2019 WL 3530422, at *7 (N.D. Tex. Aug. 2, 2019) (citing *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir. 2001)) (noting that the "physical-injury requirement has long been recognized as applying to claims under the Eighth Amendment").

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DISMISS with prejudice** Taylor's Complaint as frivolous and for failure to state a claim upon which relief can be granted.

### V. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 30, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE